UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN

UNITED STATES OF AMERICA,

Plaintiff

CASE NO.25CR20533
JUDGE DAVID LAWSON

GEORGE PAUL JANSSEN

Defendant.

### SENTENCING MEMORANDUM FOR GEORGE JANSSEN

As this court is no doubt aware, George Janssen is scheduled to be sentenced on April 10,2026. The case was originally set for sentencing before judge Ludington prior to being transferred to this court. Previously Judge Ludington scheduled a status conference at which the defendant appeared and responded to questions about his conduct in this case. It was clear to all the participants, the prosecutor, the probation, and the FBI, that George Janssen was open and frank about his involvement in this matter.

Mr. Janssen has never denied his guilt in this matter and has done everything in his power to accept responsibility for his actions. This memorandum is written to give this court an opportunity to see who Mr. Janssen is and to help fashion a sentence, Mr. Janssen understands the sentence imposed by this court must address the needs of the criminal justice system such as punishment and deterrence as well as being tailored to his individual situation. Janssen's hope that this court will impose a sentence that will afford him a opportunity to rebuild his life after release from federal custody.

**IMPORTANT PERSONAL AND FAMILY INFORMATION**

To aid this court in deciding an appropriate sentence, it is the purpose of this memorandum to provide you with information about George Janssen. George is a 44-year-old married man with four children. George Janssen had never been involved in any criminal activity until this case. He is a lifelong Michigan resident who has spent most of his time in the Bay City area. He worked for the United States Postal Service until his arrest in this matter. He also had an auto repair and sales business. It was his involvement with this business that resulted in the activities that led to criminal charges. Like many small businesses the Covid crisis led to major financial problems which caused him to engage in criminal conduct.

As the economy slowed down George was faced with significant challenges in his business. These problems cause him to engage in the activities that resulted in the charges in this case. It was always George's intention to pay the money back and ensure no one suffered financial harm. This unrealistic expectation eventually resulted in a formal accusation in this matter. Proving the maxim that "The road to hell is paved with good intentions."

As his business problems grew larger, he increased the size and scope of his fraudulent activities. When things came to head he acknowledged his misconduct, even informing major victims before charges were filed or civil litigation commenced.

Mr. Janssen was sued civilly long before criminal charges were ever filed. In response to a lawsuit filed by Copoco Community Credit Union (the largest creditor) against Rivertown Auto Plaza and Dennis Ahrns and Mr. Janssen. In the settlement in that case Mr. Janssen sold

Page 2

all the real property in his possession and turned over the proceeds to Mr. Ahrns:

       A)  321Huron Ave W Bad Axe MI (his home)

       B)  Ten acers Vassar MI

       C)  One Acer Bad Axe MI

Additionally, Mr. Janssen had sold his properties to his son on a, with $79,494 held in a trust account and a $1,000 a month payment on a land contract For $169,000 at 6% interest. The trust account and the land contract were assigned to Mr. Ahrns. Mr. Janssen has divested himself of virtually all his property He and his wife and three children are living with his oldest son. His family remains very supportive as can be seen from his living arraignments. Mr. Janssens' source of income since his arrest has been playing poker at local casinos. He has been quite open with the probation department about his efforts to earn an income from playing poker. He has provided records which make it clear that he can earn a living playing poker. After his release from federal custody, he will be able to pursue playing a larger venue which will allow him to earn more money than he can at local venues.

It is Mr. Janssen's intention to pay restitution to all affected parties with the proceeds of his poker winnings.  As a side note, undersigned counsel spent most of his career as a federal prosecutor handlining gambling cases. From conversations with numerous gambling experts have advised me that good poker players have a excellent opportunity to make a profit on a regular basis. It should be made clear that at no point in time was Mr. Jassen's poker playing ever a factor in his fraudulent activity. The gambling industry keeps records of all players' winnings, for among other things, tax purposes. Mr. Janssen has always made a profit.

The purpose of this memorandum is to assist the court in its' task of balancing the need to protect society while at the same time "maximizing the offender's rehabilitation potential".

Being fully aware that this court takes the responsibility of imposing sentence very seriously, an effort has been made to give some insight to the person that George Janssen is.

The fact that he committed a serious crime in a foolish effort to keep a failing business alive cannot be denied, nor can the fact that he never denied his guilt. Mr. Janssen never sought to avoid his responsibility for his offenses. He never sought to declare bankruptcy to protect any assets. He has liquidated all his property to pay a portion of his debt. He intends to spend the rest of his life to make restitution to those who suffered because of his actions. He understands this court will likely order restitution, but he views that as a personal obligation as well was a court order.

### CONCLUSION

For the reasons detailed above, Mr. Janssen respectfully request that this court depart downward from the guideline computation proposed by the probation department. The Rule 11 Plea agreement requires that both parties leave the guideline determination in the hands of the court and that resolves the matter. However, when assessing whether Mr. Janssen qualifies for a downward departure his having either paid in cash or assigning future payments to which he was once entitled is a factor that can and should be considered by this court.

The guideline computation proposed by the probation is a minimum of 51 months. Standing against such a massive term of incarceration is the defendant's life to date. Prior to this case he was a forty-year-old husband and father, well respected in his community. He had several jobs, working at the Post office and conducting an auto business on his own. He owned his

own home and several pieces of real estate. Today he and his wife and minor children live with his oldest son. A realistic appraisal of the offense in this case makes it clear that a custodial sentence is appropriate. Defendant requests a sentence of 24 months. This will allow him to reunite with his wife and Children as well as attempting to make restitution. Spending four years in prison will help nobody.

Respectfully Submitted.

Barone Defense Firm

Keith E Corbett P24602

April 3, 2026